Gothard v. Reiley.

L. G. GOTHARD AND ANOTHER V. BARNARD REILEY.

The allegations in a petition for an injunction to enjoin the execution of a judgment, upon merely technical grounds, must be taken most strongly against the party making them.

Where one of two defendants sought, on technical grounds, to enjoin an order of sale, the other defendant being dead, the Court held that the injunction was properly dissolved, on the ground that the petition did not allege that the property belonged in whole or in part to the petitioner.

Error from San Augustine. This was an injunction to restrain the execution of an order, issued by a Justice of the Peace, for the sale of certain cotton. The petition seeks to question the regularity and legality of the judgment and proceedings before the Justice ; and particularly the legality of the order for the sale of the cotton ; averring that it was made without notice to the petitioner, who was a defendant in the judgment against his co-defendant therein, who had died after judgment, and before the issuing of the order ; and it avers that it was illegal to order a sale of the property of his co-defendant, without administration on his estate, &c. But the petition contains no averment that the cotton is the property of the petitioner, or that he has any right or interest therein.

Upon a demurrer and exceptions to the petition, the injunction was dissolved and the petition dismissed ; and judgment thereupon rendered against the principal and sureties in the injunction bond. The plaintiff in the injunction prosecutes a writ of error.

*O. M. Roberts*, for plaintiff in error.

*Henderson & Jones*, for defendant in error.

WHEELER, J. The petition was rightly adjudged insufficient

upon demurrer, for the reason that it does not disclose any injury as likely to occur to the plaintiff by reason of the proceeding sought to be enjoined. It is averred that the property had been seized as the property of the plaintiff and his co-defendant in the judgment ; and the plaintiff protests against the sale of the property of his co-defendant therein, without administration, and a revival of the judgment. But there is no averment that this party has any right or interest in the property, which, according to his representation, is about to be sold in satisfaction of his debt. It is scarcely necessary to say, that the averments in a petition, of the character of the present especially, which seeks to enjoin the execution of a judgment upon merely technical grounds, and without disclosing merits, must be taken most strongly against the party making them. And the Court cannot supply, by intendment, so material an averment, as that the property, of which he seeks to enjoin the sale, is the property of the plaintiff. It must be taken, therefore, upon the averments of the petition, that the plaintiff was not the owner or interested in the property ; since he has not averred such ownership or interest in himself. And it is evident, that he can sustain no injury by a sale of the property of his co-defendant or any one else in discharge of his indebtedness.

For the reason, therefore, that the plaintiff has shown no injury as likely to result to him, by reason of the proceeding complained of ; and for the further reason that the petition manifestly discloses no merits, or ground, calling for the interposition of the equitable powers of the Court, for the relief of the plaintiff, the petition was rightly adjudged insufficient. The Court, therefore, did not err in dissolving the injunction, dismissing the petition, and giving judgment for the defendant in the injunction, upon the injunction bond. The judgment is affirmed.

Judgment affirmed.